IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TULPEHOCKEN SPRING WATER, INC. | : | 4:09-cv-2189 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OBRIST AMERICAS, INC., t/d/b/a GLOBAL CLOSURE SYSTEMS, | : | Hon. John E. Jones III |
| | : | |
| Defendant. | : | |
| | : | |
| OBRIST AMERICAS, INC., t/d/b/a GLOBAL CLOSURE SYSTEMS, | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COLORMATRIX CORPORATION, | : | |
| | : | |
| Third-Party Defendant. | : | |

**<u>MEMORANDUM AND ORDER</u>**

**December 8, 2010**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss (Doc. 34) filed by Third-Party Defendant ColorMatrix Corporation. For the reasons that follow, the motion shall be denied.

I.   **FACTUAL BACKGROUND and PROCEDURAL HISTORY**

Plaintiff Tulpehocken Spring Water, Inc. ("TSW" or "Plaintiff TSW") a corporation with its principal place of business in Pennsylvania, is engaged in the business of bottling, selling, and delivering bottled spring water products. (Doc. 1, Ex. 1 ¶¶ 1, 3). Plaintiff TSW purchases bottles and closures from third-party manufacturers. (*Id*. ¶ 4). Defendant/Third-Party Plaintiff Obrist Americas, Inc., t/d/b/a Global Closure Systems ("Obrist" or "Third-Party Plaintiff") is a Delaware corporation, with its principal place of business in Virginia, and is engaged in manufacturing and selling a variety of plastic and metallic closures, caps, and lids. (*Id*. ¶¶ 2, 5). During the relevant period, Third-Party Defendant ColorMatrix Corporation ("Colormatrix" or "Third-Party Defendant") was an Ohio corporation, with its principal place of business in the same state, engaged in the sale of tints or colorants used to color bottle caps. (Doc. 26 ¶¶ 2, 8).

Since September 12, 2006, Plaintiff TSW has purchased plastic bottle caps manufactured by Obrist through a third-party broker, Frost Packaging, Inc., without any complaints or issues. (Doc. 1, Ex. 1 ¶ 6). On or about April 18, 2008,

Plaintiff placed an order for five (5) million flat-top, screw on style plastic bottle caps from Obrist. (*Id.* ¶ 7). According to Plaintiff, Obrist manufactured the requested order but sold the caps to a third party requiring Obrist to "rush order" Plaintiff's requested order within three (3) days. (*Id.* ¶¶ 8-9). The alleged "rush order" of caps were shipped to Plaintiff on or about June 10, 2008, which Plaintiff used in the production of its bottled water products produced during June 2008. (*Id.* ¶ 13).

Plaintiff TSW shipped its bottled spring water to several customers on or about July 21, 2008. (*Id.* ¶ 14). Thereafter, Plaintiff alleges it received numerous customer complaints claiming that the water had a "bad taste." (*Id.* ¶¶ 15-18). Subsequently, TSW conducted various tests on the water and plastic bottles, the results of which failed to account for the bad water taste. (*Id.* ¶¶ 19-20). Based on these results, Plaintiff concluded that Obrist's flat-top screw on style bottle caps were the underlying cause for the water's bad taste. (*Id.* ¶¶ 21-22).

On October 13, 2009, Plaintiff TSW filed a complaint in the Court of Common Pleas, Northumberland County, against Defendant/Third-Party Plaintiff Obrist. (Doc. 1, Ex. 1). Plaintiff's complaint alleged violations of Pennsylvania law including breach of the implied warranty of merchantability in Count I, and breach of the implied warranty of fitness for a particular purpose in Count II. (*See*

*id*.). In particular, Plaintiff alleges that Obrist sold it defective caps which failed to properly seal the bottle and protect its contents from impurities that caused the water's flavor to be tainted. (*Id*. ¶ 31). Obrist subsequently removed the lawsuit to federal court based on diversity jurisdiction on November 6, 2009. (Doc. 1). Obrist filed an answer to the complaint on November 10, 2009. (Doc. 3).

On June 1, 2010, Obrist filed a Motion to Extend the Time to Amend Pleadings and Join Third Parties, alleging that pending scientific analyses suggested that another party, Colormatrix, may be responsible for the damages Plaintiffs alleged. (*See* Doc. 22). On the same day, the Court granted Obrist's motion for extension of time to join. (Doc. 23). On June 30, 2010, Obrist sought leave of the Court to file a third-party complaint against Colormatrix, (Doc. 24), which was granted the same day. (Doc. 29). Obrist filed a third-party complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure asserting derivative liability against ColorMatrix based on theories of indemnification and contribution.[1] (*See* Doc 26). Obrist's third-party claim focuses on ColorMatrix, the company that supplied the tints and colorants used to color the bottle caps, as well as the allegedly defective bottle caps purchased by TSW. According to

---

[1] Federal Rule of Civil Procedure 14(a)(1) provides "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

Obrist, to the extent the bottle caps are found to have been defective, any defects resulted solely from the tints or colorants supplied by ColorMatrix and are not the result of any action on Obrist's behalf. (*See id.*).

In response, ColorMatrix filed the instant motion to dismiss, and brief in support thereof, (Docs. 34, 35), pursuant to Federal Rule of Civil Procedure 12(b)(1) alleging that the third-party complaint should be dismissed without prejudice on grounds that the claims therein are not ripe for determination. Specifically, ColorMatrix contends that the claims are dependent upon contingent future events that might not occur as anticipated, or may not occur at all, and that the third-party complaint fails to allege sufficient facts to support either a claim for contribution or indemnification. (*See* Doc. 34, 35). Obrist filed an answer and brief in opposition to the motion on August 27, 2010. (Docs. 37, 38). At present, ColorMatrix has neglected to file a reply brief and the time for filing the same has expired. Accordingly, the motion is ripe for disposition.

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(1), a court must distinguish between facial and factual challenges to its subject matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack challenges whether the plaintiff has properly pled jurisdiction. *Id.*

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). A factual attack, in contrast, challenges jurisdiction based on facts apart from the pleadings. *Mortensen*, 549 F.2d at 891. "When a defendant attacks subject matter jurisdiction 'in fact,' ... the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case. In such a situation, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891).

In the case *sub judice*, ColorMatrix lodges a factual challenge against subject matter jurisdiction. Thus, the Court is free to weigh the evidence and determine whether it has the power to hear the case without accepting as true all well-pled allegations contained in Obrist's third-party complaint.

## III. DISCUSSION

ColorMatrix argues that Obrist's third-party complaint must be dismissed without prejudice on grounds that neither the indemnification claim nor the contribution claim are ripe for determination. They contend that dismissal is appropriate because Obrist's claims are premised solely upon the possibility that Obrist *may* be found liable to TSW, and that a link *may* be established between ColorMatrix's tints and colorants and the bad tasting water of which TSW complains. (Doc. 35 at 3). According to ColorMatrix, the claims asserted in the third-party complaint are unripe because they are dependent upon contingent future events that might not occur as anticipated, or in the alternative, may not occur at all. (*See id*.).

Therefore, ColorMatrix contends, because the claims are unripe this Court lacks subject matter jurisdiction over Obrist's third-party complaint. ColorMatrix asserts that even if the Court concludes that subject matter jurisdiction is proper, the Court may still dismiss Obrist's third-party complaint on ripeness grounds.[2]

---

[2] The function of the ripeness doctrine is to prevent federal courts from entangling themselves in abstract disagreements by allowing them to avoid premature adjudication. *See Abbott Labs. v. Gardner*, 387 U.S. 136 (1967). The Court in *Abbott Laboratories* established a two-prong test for determining ripeness which includes (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. *Id.* at 149. The ripeness doctrine requires that the subject challenge grow out of a "real, substantial controversy between the parties" involving a "dispute definite and concrete." *Peachlum v. City of York*, 333 F.3d 429, 434 (3d Cir. 2003) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

(Doc. 35 at 4). Regardless, ColorMatrix maintains, Obrist will either have to "prove that it discharged the liability of ColorMatrix to TSW," or, alternatively, prove "that Obrist was only secondarily liable to TSW." (*Id*. at 4).

Finally, although not specifically styled as such, ColorMatrix raises a 12(b)(6) argument in opposition to Obrist's third-party claim. ColorMatrix asserts that Obrist fails, under Federal Rule of Civil Procedure 8(a)(2), to "include a short and plain statement of the claim showing that the pleader is entitled to relief." (*Id*. at 5). They maintain that Obrist's complaint, viewed in "light of the totality of the record before the Court," is insufficient to demonstrate how ColorMatrix's product caused TSW's alleged loss. (*Id*.). However, ColorMatrix does not seek dismissal of the third-party complaint with prejudice because it acknowledges that at some point in the future Obrist may have "factual and legal support" for its contribution and indemnity claims. (*Id*. at 6). Rather, they seek dismissal of the third-party complaint at present to avoid "incur[ring] the expense associated with defending a contingent and apparently scientifically unsupported claim." (*Id*. at 6).

In response, Obrist argues that ColorMatrix's motion is without merit in that it seeks to circumvent the benefits of judicial economy inherent in third-party practice. (Doc. 39 at 2). Obrist contends that adoption of ColorMatrix's position, that Obrist first admit liability prior to bringing ColorMatrix into the suit as a third

8

party, is patently wrong. (*See id*. (citing *Yarnell v. Roberts*, 66 F.R.D. 417, 423 (E.D. Pa. 1975) ("The theory of Rule 8 is that a defendant's pleading should apprise the plaintiff of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established to enable plaintiff to prevail."))). Obrist asserts that even under the post-*Iqbal* pleading standards a plaintiff is not required to plead its evidence, but instead is only required to "aver sufficient factual allegations which nudge its claim across the line from conceivable to plausible." (*See* Doc. 39 at 4 (citing *Onconome, Inc. v. Univ. of Pittsburgh*, 2010 WL 1133425, at *2 (W.D. Pa. 2010)).

As to ColorMatrix's ripeness argument, Obrist argues that ripeness is only concerned with whether a case or controversy is properly before the court. (*See* Doc. 39 at 2 (citing *Nextel Commc'ns. of the Mid-Atlantic, Inc. v. City of Margate*, 305 F.3d 188, 192 (3d Cir. 2002))). Obrist argues that its claims, far from being speculative or contingent, are based upon concrete, compensable loses articulated in TSW's complaint and therefore a real live case or controversy is presently before the Court. (Doc. 39 at 3). Additionally, Obrist cites *Armstrong World Industries Incorporated ex rel. Wolfson v. Adams* for the proposition that "a plaintiff need not suffer a completed harm to establish adversity of interest

between the parties." 961 F.2d 405, 412 (3d Cir. 1992). Obrist also highlights our colleague, Judge Sylvia Rambo, who noted:

> a third party complaint may not set forth a claim of the third party defendant's liability to the plaintiff. It must set forth a claim of secondary liability such that, if the third party plaintiff is found liable, the third party defendant will be liable to him/her under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law. . . . A theory that another party is the correct defendant is not appropriate for a third party complaint.

*Toberman v. Copas*, 800 F.Supp. 1239, 1242 (M.D. Pa. 1992).

In sum, Obrist submits that its third-party complaint presents precisely the elements Rule 14 demands, a claim for secondary liability against ColorMatrix on the basis of indemnification or contribution in the event it is found liable to TSW. We agree with Obrist and find ColorMatrix's ripeness argument and subject-matter jurisdiction challenge to be without merit.

The Third Circuit, in *Hatco Corporation v. W.R. Grace & Company*, remarked in a footnote that "[a]lthough a claim for indemnity does not arise until the prime obligation to pay has been established, some third-party actions may be commenced in the interest of judicial economy before they are technically ripe." 59 F.3d 400, 406 (3d Cir. 1995). Here, despite the fact that Obrist's liability to TSW, if any, has yet to be determined, we find that commencement of a third-party

claim against ColorMatrix, which may arguably raise ripeness issues, is appropriate at this stage of the litigation and adequately supports our goal of judicial economy. In *Hanhauser v. United States* another of our colleagues, Judge Richard Conaboy, noted that a third-party complaint is proper pursuant to Rule 14:

> *only if the third party's liability is in some way dependent on an outcome of the main claim or when the third party is secondarily liable to the Defendant.* The secondary or derivative liability notion is central and it is irrelevant whether the basis of the Third-Party claim is indemnity, subrogation, contribution, express or implied warranty or some other theory.

85 F.R.D. 89, 90 (M.D. Pa. 1979) (emphasis added) (citing 6 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1446 at 246 (1971)).

In the case *sub judice*, we find that Obrist's third-party complaint sufficiently alleges that ColorMatrix's liability to Obrist is contingent upon the outcome of TSW's initial claim against Obrist. In Count I of the third-party complaint, Obrist seeks indemnification "[i]f it is determined that Obrist is in any way liable to Tulpehocken, or any other party" and that the Court "name ColorMatrix liable for all sums that may be adjudged against Obrist in favor of [TSW] . . . ." (Doc. 26 at 4). Similarly, in Count II, Obrist seeks contribution "[i]f it is determined that Obrist is in any way liable to Tulpehocken, or any other party" and that "the Court enter judgment in favor of Obrist and against

ColorMatrix for all sums that may be adjudged against Obrist in favor of [Plaintiff] . . . ." (*Id.* at 6). Thus, we find that Obrist's third-party complaint properly alleges contingent liability on behalf of ColorMatrix to the extent Obrist is found liable to TSW. Accordingly, Obrist's claim for indemnity or contribution is specifically "dependent on an outcome of the main claim" and is therefore proper under Rule 14 notwithstanding ColorMatrix's ripeness concerns. *See Hanhauser*, 85 F.R.D. at 90.

Furthermore, in finding that Obrist's third-party complaint has been properly pled pursuant to Rule 14, we find Judge Rambo's analysis in *Toberman v. Copas* to be particularly helpful. *See Toberman*, 800 F.Supp. 1239. In that case, in considering whether a third-party complaint was proper under Rule 14, the court concluded that the third-party claim "of sole and direct liability to Plaintiffs [did] not comprise a proper third party claim under Rule 14." *Toberman*, 800 F.Supp. at 1242. In contrast to the third-party complaint in *Toberman*, which apparently alleged that the third-party defendant was solely and directly liable to the original plaintiff, Obrist's third-party complaint does not allege that ColorMatrix is solely or directly liable to TSW. Rather, as noted above, Obrist alleges in both counts that "[i]f it is determined that Obrist is in any way liable to [TSW], or any other party," Obrist is entitled to indemnification or contribution to

the extent of its liability stemming from ColorMatrix's negligent manufacture of the tints or colorants purchased by Obrist. (Doc. 26 at 4-5).

Based on a plain reading of Obrist's third-party claim, it does not appear that Obrist seeks to impose "sole and direct liability" upon ColorMatrix, or suggest that ColorMatrix is essentially the "correct" defendant with regard to TSW's original complaint. *See Toberman*, 800 F.Supp. at 1242. Instead, Obrist seeks indemnification or contribution from ColorMatrix to the extent, if at all, it is found liable to TSW. *See Stiber v. United States*, 60 F.R.D. 668, 669 (E.D. Pa. 1973) ("Under Rule 14(a), the allegations of the third-party complaint need not show that the recovery is a certainty and the complaint should be allowed to stand if, under some construction of the facts, which might be adduced at trial, recovery would be possible. Rule 14 is, therefore, clearly not limited to situations where the third-party defendant will automatically be liable to the defendant for all or part of the plaintiff's claim."). Here, Obrist has properly pled sufficient factual allegations that could yield a recovery from ColorMatrix in the event Obrist is ultimately found liable to TSW. Therefore, we find that Obrist has filed a proper third-party complaint under Rule 14 sufficient to survive ColorMatrix's motion to dismiss.

Additionally, we find that jurisdiction over this claim is proper pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367(b).[3] As the court noted in *Pride Mobility Products Corporation v. Dylewski*, "§ 1367(b) reflects Congress' intent to prevent original plaintiffs – but *not defendants or third parties* – from circumventing the requirements of diversity." 2009 U.S. Dist. LEXIS 5530, at *21 (M.D. Pa. Jan. 27, 2009) (emphasis in original) (citing *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2d Cir. 2000)). Here, the instant claim was initiated by third-party plaintiff Obrist and therefore the prohibition in 28 U.S.C. § 1367(b) regarding claims brought by "plaintiffs against persons made parties under Rule 14 . . ." is inapplicable. *See Westra Constr., Inc. v. United States Fid. & Guar. Co.*, 546 F.Supp.2d 194, 199 (M.D. Pa. 2008) (noting that the "evident purpose of § 1367(b) is to prevent a two-step evasion of the requirement of complete diversity of citizenship by a person who, being of the same citizenship as the defendant, waits to sue until a diverse party with which it is aligned sues the defendant, and then joins the suit as an intervening plaintiff."). Therefore, we find

---

[3] 28 U.S.C. § 1367(b) provides "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by *plaintiffs* against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirement of section 1332. (emphasis added).

that supplemental jurisdiction is proper over the instant matter. Accordingly, we shall deny the third-party defendant's motion to dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Third-Party Defendant ColorMatrix's Motion to Dismiss the Third Party Complaint (Doc. 34) is **DENIED.**

s/ John E. Jones III
John E. Jones III
United Stated District Judge
